UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LELAND WOODS, ) | CASE NO. 1:05 CV 2249 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MARGARET BRADSHAW, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On September 23, 2005, petitioner pro se Leland Woods filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Woods is incarcerated in an Ohio penal institution, having been convicted of rape, gross sexual imposition (8 counts) and kidnapping on March 31, 2003. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court

of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Woods raises seven grounds in support of the petition. While at least some of these grounds were apparently raised on direct appeal to the Ohio Court of Appeals, which affirmed his conviction on May 27, 2004, Woods was denied a delayed appeal to the Ohio Supreme Court. State v. Harris, 104 Ohio St.3d 1407 (Dec. 1, 2004).

Although the petition is silent concerning the reason Woods's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or because he failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996). Thus, Woods was procedurally barred in the state court from raising the grounds sought to be raised herein.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986)); see also, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990). No such showing

2

is suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

  S/John R. Adams 11/21/05
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE